


**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

| | | |
|---|---|---|
| Regina Gates, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Credit Corp Solutions, Inc., d/b/a Tasman Credit Corp., a Delaware corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Regina Gates, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Regina Gates ("Gates"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Synchrony Bank/Care Credit.

4. Defendant, Credit Corp Solutions, Inc., d/b/a Tasman Credit Corp. ("Credit Corp"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of

the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Credit Corp operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Credit Corp was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Corp is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant Credit Corp's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Credit Corp is authorized to conduct business in the State of Alabama and maintain registered agent here, see, records from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant Credit Corp conducts extensive business in Alabama.

**FACTUAL ALLEGATIONS**

7. On October 19, 2018, Ms. Gates and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Bard/Gates, N.D. Ala. Bankr. No. 18-83120-CRJ7. Among the debts listed on Ms. Gates' Schedule E/F was a debt that she allegedly owed to Synchrony Bank/Care Credit, see, excerpt of Schedule E/F, attached as Exhibit B.

8. Accordingly, on October 23, 2018, Synchrony Bank/Care Credit was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of

Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

9. On January 30, 2019, Ms. Gates received a discharge of her debts, and on January 31, 2019, Synchrony Bank/Care Credit was sent notice of this discharge via electronic transmission, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit D.

10. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11. Nonetheless, during February, 2019, Defendant sent Ms. Gates a collection letter demanding payment of the Synchrony Bank/Care Credit debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

12. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA.

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194

(11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer owed due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notices issued by that court (Exhibits C and D), provided notice to cease communications and cease collections. By communicating

regarding this debt and demanding payment (Exhibit E), despite the discharge of the debt in bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

22. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Regina Gates, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Gates, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Regina Gates, demands trial by jury.

Regina Gates,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus
One of Plaintiff's Attorneys

Dated: February 20, 2019

David J. Philipps (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
& Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com